ALEX G. TSE (CABN 152348)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

CHRISTINA McCALL (CABN 234139)
Assistant United States Attorney
    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    christina.mccall@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) Case No. CR 18-0369 JSW |
|---|---|
| Plaintiff, | ) [PROPOSED] DETENTION ORDER |
| v. | ) |
| | ) Hearing: August 16, 2018 |
| FREDDY JORGE HORNA, | ) Time: 9:30 a.m. |
| | ) Court: Hon. Kandis A. Westmore |
| Defendant. | ) |

    Defendant Freddy Jorge Horna is charged in a one-count indictment with distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). If convicted of Count One, defendant Horna faces a mandatory minimum sentence of five years in prison, and a statutory maximum sentence of 20 years.

    At the initial appearance, the United States moved for defendant Horna's detention, pursuant to 18 U.S.C. §§ 3142(f). There is a presumption of detention because this case involves a child victim, pursuant to 18 U.S.C. §§ 3142(e)(3)(E). United States Pretrial Services wrote a bail study for this case, and recommended that defendant Horna be released on a $100,000 bond, secured by his godmother's property, with a number of conditions, including those required by 18 USC § 3142(c)(1).

    At the detention hearing on August 16, 2018, many of defendant Horna's relatives, including his proposed sureties/co-signers, were present. Defense counsel argued that a bond, secured by a property in which the owner has some equity, plus other conditions such as electronic monitoring and no

1 computer usage, and no contact with minors other than the defendant's own children, would be
2 sufficient to meet the requirements of the Bail Reform Act. Defense counsel emphasized that defendant
3 Horna had minimal criminal history prior to this arrest, with only one conviction for driving under the
4 influence of alcohol years ago (a case where the defendant made his required court appearances).
5 Defense counsel argued that defendant Horna owned his own business, that he has been living in the bay
6 area since 2001, and that he has family ties to the Northern District of California, and that he is a
7 naturalized United States citizen.

Government counsel emphasized that Congress has designated distribution of child pornography as a crime of violence under 18 U.S.C. § 3156(a)(4), which carries a presumption of detention under 18 U.S.C. § 3142(e)(3)(E). Government counsel argued that the Pretrial Services bail study did not take into account the first two factors that Congress says the Court shall take into account: (1) the nature and circumstances of the offense charged (18 U.S.C. § 3142(g)(1)) and the weight of the evidence against the person (18 U.S.C. § 3142(g)(2)).

Government counsel summarized some of defendant Horna's alleged conduct in the active criminal investigation, and proffered that the defendant and a female suspect in Peru have been engaged in a conspiracy to distribute and receive child pornography. The government proffered that the child pornography electronic files being traded by defendant Horna and the female suspect contain hundreds of images and videos not previously known to law enforcement, but instead portraying the female suspect's eight-year-old daughter being sexually abused or photographed in lascivious displays of her genitals. The government proffered that defendant Horna was engaged in a sexual relationship with the female suspect (the victim's mother), who disappeared approximately a day after the defendant was arrested, leaving her four minor children behind in Lima, Peru. The government indicated that the eight-year-old victim, who was left in the care of her grandparents, was "rescued" by Peruvian National Police approximately two days before the detention hearing. The government argued that some of defendant Horna's electronic communications suggest that he wanted to engage in sexual activity with the eight-year-old victim, and read portions of some of those electronic communications.

Government counsel marked a number of exhibits during the detention hearing, which will be returned to the government. One of those exhibits is allegedly a digital photograph of defendant Horna,

[PROPOSED] DETENTION ORDER
CR 18-0369 JSW                                    2

1  the female suspect, and the eight-year-old victim together in an outdoor setting. Another exhibit shows
2  Western Union money transfers Horna allegedly made in the past two years to the female suspect,
3  totaling over $2,000. The government indicated that there appear to be other victims beyond the eight-
4  year-old now-identified victim, referencing a girl about seven years old (there is a blanket visible in the
5  video) who appears in a child pornography video in defendant Horna's possession. That video has not
6  been previously encountered by law enforcement agents. A Spanish-speaking Homeland Security
7  Special Agent read a portion of a Facebook Messenger exchange between defendant Horna and the
8  female suspect from April 1, 2018, when defendant Horna allegedly sent the female suspect multiple .gif
9  files showing an apparent toddler being raped by an adult male.

10       The government argued that defendant Horna has strong incentive to flee, given the seriousness
11 of the charges, the likelihood of future serious charges relating to child sexual exploitation, and the fact
12 that his co-conspirator has now disappeared. The government emphasized that the defendant has strong
13 ties to Peru, the financial ability to flee this district, and has a substantial history of international travel
14 (including to Peru).

15       The Court found that the nature and circumstances of the offense weigh heavily in favor of
16 detention. The Court noted that this case does not appear to be the typical child pornography case,
17 where a typical defendant downloads and possesses child pornography files, but does not have access to
18 the victims depicted in those files. In this case, the Court concludes that defendant Horna poses a
19 special level of dangerousness, since he clearly had access to the eight-year-old victim, and since he had
20 an ongoing relationship with the victim's mother (the female suspect who allegedly sexually abused the
21 victim). The fact that there are potentially other victims involved in defendant Horna's alleged criminal
22 conduct weighs in favor of detention. The Court noted that if defendant Horna is convicted in this case,
23 the applicable mandatory minimum sentence (and potentially more serious future charges) increase the
24 risk that the defendant will not appear at future court dates if released on a bond.

25       Although defendant Horna's personal history and characteristics, such as community ties, very
26 limited prior criminal history, and full-time employment weigh in favor of release, the Court concluded
27 that those characteristics are substantially outweighed by the nature and circumstances of the offense
28 and the weight of the evidence against the defendant.

Based upon the information proffered by the government at the detention hearing, the Court found that there is probable cause to believe that defendant Horna committed an offense involving a minor victim under 18 U.S.C. § 2252(a)(2). *See* 18 U.S.C. § 3142(e)(3)(E). The Court found that defendant Horna has failed to rebut the statutory presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. *Id*. The Court also found that the government has met its burden to show that defendant Horna should be detained as both a danger to another person and a risk of non-appearance at future court proceedings. The Court finds that a property bond, and the other conditions recommended by the Pretrial Services bail study and by defense counsel are not sufficient to overcome these risks.

## ORDER

Defendant Horna is ordered detained as no condition or combination of conditions contained in 18 U.S.C. § 3142(c) will reasonably assure the appearance of the defendant and the safety of the community as required.

Defendant Horna is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. See 18 U.S.C. § 3142(i)(2). Defendant Horna must be afforded a reasonable opportunity to consult privately with counsel. See 18 U.S.C. § 3142(i)(3). On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver Defendant Horna to the United States Marshal for a court appearance. *See* 18 U.S.C. § 3142(i)(4).

IT IS SO ORDERED.

DATED: 8/21/18

HON. KANDIS A. WESTMORE
United States Magistrate Judge

[PROPOSED] DETENTION ORDER
CR 18-0369 JSW                              4